**Opinion filed April 24, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00074-CR

_____

## LINDSEY WAYNE TRUEBLOOD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25706A**

## M E M O R A N D U M   O P I N I O N

Lindsey Wayne Trueblood, Appellant, filed an untimely pro se notice of appeal from his conviction for the offense of theft (enhanced). *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2013). We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on February 5, 2014, and that his pro se notice of appeal was filed in the district clerk's office on March 20, 2014. When the appeal was filed in this court,

we notified Appellant by letter that the notice of appeal appeared to be untimely. We requested that Appellant respond on or before April 10, 2014, and show grounds to continue this appeal. We also informed him that the appeal may be dismissed. Appellant has not responded.

Pursuant to TEX. R. APP. P. 26.2, Appellant's notice of appeal was due to be filed within thirty days after the date that his sentence was imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). Appellant's notice of appeal was filed with the clerk of the trial court forty-three days after sentence was imposed and was, therefore, untimely. No motion for extension has been filed. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Because we have no jurisdiction, we must dismiss the appeal.

Furthermore, the trial court has certified that this is a plea-bargain case and that Appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). Therefore, even if Appellant had timely filed his notice of appeal, the appeal would be prohibited by Rule 25.2 and dismissed without further action. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

April 24, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.